The next case is number 23-8009, in Re, Edward J. Collins. At this time, Mr. Collins has been allowed to speak for 10 minutes. He can come to the podium and introduce himself on the record to begin. Good morning, Your Honors. My name is Edward J. Collins. I'm the respondent in this disciplinary matter. Okay. Let me first note at the outset there's been several orders of the court. There is a sanction order. There's been a contempt finding. And I have to note also all these orders have been sent to the same e-mail address, which you have received. You're here today. And I believe from one of your responses, you mentioned you did not get one of them. So I'd like to hear from you in that respect, particularly. And, again, if you're going to be paying the sanction, let us know, and this might be shorter. So please go ahead. Thank you, Your Honor. And I apologize. I'm not sure I heard everything you said. I think I have the gist of it. And I'd like, if I may, to begin with a suggestion or a request. A panel of this court in the underlying case referred some papers that had been filed by opposing counsel to the Board of Bar Overseers of the Commonwealth of Massachusetts. As a result, a case was opened there. And that matter is now presently before the Supreme Judicial Court of the Commonwealth. At issue in this case, at least in my opinion, are major issues of Massachusetts law. Well, before you get into that, I just have one very brief question I would like to ask you. Sure, Your Honor. You submitted a declaration under penalties of perjury to this court on March 13 of this year. And in that declaration, one of the things that you did was you acknowledged that you were found in contempt by this court on December 5, 2021, and that that contempt order provided that you could purge the contempt by paying the sanctions that had been ordered. And we also said that if they were not paid in 14 days, we will be commencing a disbarment proceeding. So my question is, have you paid those sanctions? No, Your Honor. Okay, thank you. You may proceed. All right. And the reason is, since you raised the question, is I'm unable to pay that sanction. I live essentially on Social Security. But if I may, going to the merits. Those are the merits. I'm sorry? Did you file something with the court saying, I am unable to pay and here is why? No, I did not. And I might say why. And why did you not do that? Because I never received the order asking me to show cause. I think I mentioned that in my memo. It first came to my attention in a telephone conversation I had with Assistant Bar Counsel. No, you have acknowledged that you received the contempt order. I did. And you have acknowledged that you received the subsequent show cause order. So you have had that information for a year and a half. But you haven't paid. I agree with you. And I don't know what the time frame is. But at some point in time, I became aware of the order. Bar Counsel informed me of the order months after its due date. And I checked it out. Either he sent me a copy or I checked it out on Pace or I'm not sure which. But the time had long since passed. But it is true. At some point, I became aware of the order. We are referring to the contempt order, not the order to pay sanctions. The contempt order came after, long time after, and you were given another opportunity to purge the contempt. But you haven't done anything in response to that. I'm unable to purge the contempt, Your Honor. Okay. But if you can't, then I suppose the procedure is to file a statement on the penalty of perjury or somebody or add an attachment from a CPA or somebody say, there's no way you're receiving this amount. I would analogize it to when somebody is fined in a criminal case that you can't pay it, but you have to prove it. And, again, that hasn't been done either. And, again, if I had been in a position like this, I'd say let the court know immediately. But it's been like a year and a half, and this is the first time any of us hear about that you live on Social Security. Well, there's also another aspect to this, if I may, which is why I began with the request I made a moment ago. It's my view, or if I might, let me try to do it this way if you'll indulge me. This court in the case below made a finding that the appeal was moot and ultimately as a result frivolous. But the court never says why. Okay, but that's final. You could have asked for reconsideration or embunk, and that didn't happen. Well, if I may, as the reason. No, you may not. It's final. Oh, I'm sorry. You may not go back and attack a final order. You have shown a persistent pattern of ignoring the requirements of orders directed to you. Why should we not at this point disbar you? Well, if I might, Your Honor. My request is based on the following. What is your request? To be excused from payment? No. What is your request? My request is that this court stay these proceedings until such time as the Supreme Judicial Court has acted on the matter that's presently before it. Why should we? We're in contempt of federal court orders. And let me say, this arises out of a federal procedure that came to us. So this is not an action that's something happening in state court. Somebody files a proceeding here, and we stay it normally until the state SJC disposes of it. But this arose here in federal court. Well, again, Your Honor, it's my position. And the question I would have asked is, what's the basis for the finding of mootness? And as far as I can tell, this court makes findings under Massachusetts law. In other words, it didn't make any findings in that particular respect. But when it claimed the matter was moot, it effectively was saying that Mrs. Carica had no remedy. But we have a final judgment, so we're not going to revisit that. But what I'm trying to say is that in addition to the fact that I'm not in a position to be able to pay the order. You filed a response on March 13 of this year that we have been talking about a little bit. You didn't mention anything about inability to pay in that response. I don't know. You attached a declaration. You didn't say anything about it in your declaration either. Well, I suppose the reason for that was there was so much law enforcement. telling you that you could purge at that time in December 2021. You never even responded to that one. As I tried to indicate a while ago, for some reason, I never received the order. No, you have acknowledged that order and that you received it. It is true. I later much later received it and thought the time had passed. No, excuse me, counsel. You're talking about a different order. The order that you say you never received was the original sanctions order. I believe that's correct. You've acknowledged that you received the contempt order. You acknowledged that in your declaration. I also believe that's correct. Okay. So you did receive it, but you didn't respond. I'm sorry. You did not respond to the contempt order in December 2021. When you did respond in March of this year, you didn't say anything about an inability to pay. This is the first we've heard of this. That's rather likely the case. But the reason for that is that I think into the bargain, as I just said a moment ago, I think my argument essentially is that Mrs. Carrick had a remedy, and that the decision of this court, if it's to the effect that she didn't have one, and that was the district court that said that, but this court did not, if that's the reason, then what you've done is usurped the position of the Massachusetts Supreme Judicial Court. I rely almost entirely on Siani v. McGrath, which is cited in my memorandum, which is an elaborate discussion, rather exhaustive discussion, of the rights of a surviving spouse in Massachusetts. And one of those rights is her choice to acquire an interest, a real vested property interest, in I'll call it the marital home at this particular point in time. And that issue has been thrashed until we get to this point. And if it's held in this court, for example, that the issue is moot because she has no remedy, that's just incorrect. But correct or incorrect, it's a final judgment, so that's... Judge, if I might, the argument is that it's a void final judgment because the court had no subject matter jurisdiction to enter it in the first place. That is my position. Any other questions, Judge Lynch or Judge Howard? No. No, thank you. Okay. So you're receiving an order of the court disposing of this matter at some point. Thank you. If I might... Oh, I'm sorry. Go ahead. The Honorable Court, all rise. This session of the Honorable United States Court of Appeals is now recessed. God save the United States of America and this Honorable Court.